Glenn J. Plattner (SBN 137454)
David Harford (SBN 270696)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: glenn.plattner@bryancave.com
david.harford@bryancave.com

Attorneys for Defendants
RECONTRUST COMPANY, N.A.;
COUNTRYWIDE HOME LOANS, INC. for itself and dba
AMERICA'S WHOLESALE LENDER; and
BAC HOME LOANS SERVICING, LP

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DERL BROWN II, an individual,

Plaintiff,

vs.

RECONTRUST COMPANY, an entity of unknown form; COUNTRYWIDE HOME LOANS, INC., a New York Corporation; BAC HOME LOANS SERVICING, LP a Texas Limited Partnership; AMERICA'S WHOLESALE LENDER, a Business Entity form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Business Entity, form unknown; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; and DOES 1-100, inclusive,

Defendants.

Case No: 2:11-cv-01564-DDP-FMO

[Los Angeles County Superior Court Case No: BC453485]

[Assigned to the Honorable Dean D. Pregerson, Dept. 3, Spring Street]

**BAC HOME LOANS SERVICING, LP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Rule 12(b)(6)**

Date: April 4, 2011
Time: 10:00 a.m.
Courtroom: 3

Complaint Filed: January 20, 2011

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

TO PLAINTIFF, HIS COUNSEL OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on April 4, 2011 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled Court, located at 312 North Spring Street, Los Angeles CA 90012, defendant BAC Home Loans Servicing, LP ("BACHLS") will move this Court for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint of plaintiff Derl Brown II ("Plaintiff") without leave to amend.

1. The entire Complaint, which challenges the foreclosure of Plaintiff's loan, fails to state a single claim for relief because Plaintiff has not properly or plausibly alleged tender of the outstanding balance of his loan. Rule 12(b)(6).

2. Plaintiff's first and fourth claims for wrongful foreclosure fail because Plaintiff has not alleged facts sufficient to allege a violation of California's non judicial foreclosure statutes, and has not alleged that he will tender his loan balance. Rule 12(b)(6).

3. Plaintiff's fifth and sixth claims to void various documents fails to state facts sufficient to state a claim because Plaintiff has not alleged facts to state a viable theory upon which any document may be rescinded or declared void, and because Plaintiff has not tendered his outstanding loan balance. Rule 12(b)(6).

4. Plaintiff's seventh claim for breach of contract fails because Plaintiff has not alleged facts sufficient to demonstrate a breach of any contractual provision, his performance under his loan agreement, or his tender of the outstanding loan balance. Rule 12(b)(6).

5. Plaintiff's eighth claim for breach of the implied covenant of good faith and fair dealing fails to state facts sufficient to state a claim because plaintiff has not pleaded any act by any Defendant that frustrated his

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

rights under the loan agreement, and because he has not alleged tender of the outstanding balance of his loan. Rule 12(b)(6).

6. Plaintiff's ninth claim for purported violation of Section 17200 of the California Business and Professions Code ("UCL") fails to state facts sufficient to state a claim because Plaintiff has not alleged facts to demonstrate that he has standing to sue under the statute, has not plausibly pled predicate wrongful conduct, and has not plausibly alleged that he will tender his outstanding loan balance. Rule 12(b)(6).

7. Plaintiff's second claim for quiet title fails because Plaintiff has not alleged facts sufficient to demonstrate that he has, can, or will pay off the amount he borrowed under his loans, and because Plaintiff has not alleged facts sufficient to support a viable theory why he can eviscerate the lien burdening his property. Rule 12(b)(6).

8. Plaintiff's tenth claim for injunctive relief fails because injunctive relief is not an independent claim, and because Plaintiff has not alleged sufficient facts to support an underlying right to injunctive relief. Rule 12(b)(6).

9. Plaintiff's third claim for declaratory relief fails to state facts to support a declaratory relief claim because Plaintiff has not alleged any independent basis for relief. Rule 12(b)(6).

///

///

///

///

///

///

///

///

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by telephone on February 25, 2011.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the files and records herein, and such further evidence as may be received by the Court.

Dated: March 1, 2011

Respectfully submitted,

**BRYAN CAVE LLP**
Glenn J. Plattner
David Harford

By: /s/David Harford
David Harford
Attorneys for Defendants RECONTRUST COMPANY, N.A.; COUNTRYWIDE HOME LOANS, INC. for itself and dba AMERICA'S WHOLESALE LENDER; and BAC HOME LOANS SERVICING, LP

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. STANDARD OF REVIEW .......... 4

IV. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF HAS NOT COMPLIED WITH THE TENDER RULE .......... 5

V. PLAINTIFF'S MERS RELATED ALLEGATIONS ARE ERRONEOUS .......... 7

- A. MERS Properly Served as Nominal Beneficiary .......... 7
- B. MERS is Licensed and Qualified to do Business in California .......... 8

VI. EACH OF PLAINTIFF'S INDIVIDUAL CLAIMS FAIL .......... 9

- A. Plaintiff Fails to State a Claim for Wrongful Foreclosure .......... 9
  - 1. MERS has Authority to Assign the Deed of Trust, to Substitute the Trustee, and to Foreclose .......... 11
  - 2. The original promissory note is not required for a valid foreclosure .......... 11
  - 3. Plaintiff has no statutory or contractual right to receive notice of a sale of his loan .......... 12
  - 4. Plaintiff's Statutory Claims are Meritless .......... 12
    - a. No Private Right of Action Under Sections 2923.6, and 2932.5 .......... 12
    - b. None of the Statutes Apply to Plaintiff's Foreclosure .......... 13
  - 5. Plaintiff fails to allege tender .......... 15
- B. Plaintiff Fails to State a Claim to Void Any Documents .......... 16
- C. Plaintiff's Breach of Contract Claim Fails .......... 17
- D. Plaintiff's Breach of the Implied Covenant Claim Fails .......... 19
- E. Plaintiff's UCL Claim Fails .......... 20
- F. Plaintiff's Quiet Title Claim (Count Two) Fails .......... 22
- G. Plaintiff's Injunctive Relief Claim Fails .......... 23
- H. Plaintiff's Declaratory Relief Claim Fails .......... 24

VII. CONCLUSION .......... 25

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101 (1996) .......... 5, 15, 18

*Aguilar v. Bocci*, 39 Cal. App. 3d 475, 114 Cal. Rptr. 91 (Cal. Ct. App. 1974) .......... 23

*Alford v. Wachovia Bank/World Sav. Bank*, 2010 WL 415260 (E.D. Cal. Jan. 26, 2010) .......... 13

*Alicea v. GE Money Bank*, No. C 09-00091 SBA, 2009 WL 2136969 (N.D. Cal. July 19, 2009) .......... 5, 6

*Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575 (1984) .......... 5

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .......... 4

*ATSI Comm., Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) .......... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 4

*Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal. App. 3d 1617 (1991) .......... 25

*Cal. Trust Co. v. Smead Inv. Co.*, 6 Cal. App. 2d 432, 434-35 (1935) .......... 11

*Caravantes v. Cal. Reconveyance Co.*, 2010 U.S. Dist. LEXIS 109842 (S.D. Cal. Oct. 14, 2010) .......... 22

*Carl I. Brown & Co. v. Anderson*, 195 B.R. 87 (B.A.P. 9th Cir. 1996) .......... 12

*Castaneda v. Saxon Mortgage Services, Inc.*, 687 F. Supp. 2d 1191 (E.D. Cal. 2009) .......... 8, 9, 11

*Clark v. Countrywide Home Loans, Inc.*, No. 1:09-CV-01998, 2010 WL 3154119 (E.D.Cal. Aug. 09, 2010) .......... 24

*Cross v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 17946 (C.D. Cal. Feb. 23, 2009) .......... 9

*Dimock v. Emerald Properties*, LLC, 81 Cal. App. 4th 868 (2000) .......... 5, 6

*Durning v. First Boston Corp.*, 815 F.2d 1265 (9th Cir. 1987) .......... 4

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

*Farmland Irrigation Co. v. Dopplmaier*,
48 Cal. 2d 208 (1957) .......... 12

*Fortaleza v. PNC Fin'l Servs. Group, Inc.*,
No. C 09-2004 PJH, 642 F. Supp. 2d 1012 (N.D. Cal. 2009) .......... 13

*Gen. of Am. Ins. Co. v. Lilly*,
258 Cal. App. 2d 465 (1968) .......... 25

*Gilman v. Schwarzenegger*,
___ F.3d ___, 2011 WL 198435 (9th Cir. Jan. 24, 2011) .......... 24

*Gomes v. Countrywide Home Loans, Inc.*,
No. D057005, --- Cal.Rptr.3d ----, 2011 WL 566737 (Feb. 18, 2011) .......... 7, 8, 11

*Hall v. Time*
158 Cal. App. 4th 847 (2008) .......... 21

*Hardy v. Indymac Fed. Bank*,
263 F.R.D. 586 (E.D. Cal. 2009) .......... 20

*Heritage Oaks Partners v. First Am. Title Ins. Co.*,
155 Cal. App. 4th 339 (2007) .......... 19

*Homestead Sav. v. Darmiento*,
230 Cal. App. 3d 424 (1991) .......... 10

*In re MERSCORP, Inc. RESPA Litig.*,
MDL Docket No. 1810, 2008 U.S. Dist. LEXIS 40473 (S.D. Tex. May 16, 2008) .......... 12

*Isaacs v. Broido*,
358 F. App'x 874 (9th Cir. 2009) .......... 5

*Karlsen v. Am. Sav. & Loan Ass'n*,
15 Cal. App. 3d 112 (1971) .......... 6

*Khoury v. Maly's of California*, Inc.,
14 Cal. App. 4th 612, 17 Cal. Rptr. 2d 708 (Ct. App. 1993) .......... 22

*Kransco v. Am. Empire Surplus Lines Ins. Co.*
(2000) 23 Cal. 4th 390 .......... 19

*Kwikset Corp. v. Superior Court*,
51 Cal.4th 310, 2011 WL 240278 (Jan. 27, 2011) .......... 21

*Lane v. Vitek Real Estate Indus. Group*,
713 F. Supp. 2d 1092 (E.D. Cal. 2010) .......... 11

*Lehner v. United States*,
685 F.2d 1187 (9th Cir. 1982) .......... 10

*Lomboy v. SCME Mortgage Bankers*,
No. C-09-1160-SC, 2009 WL 1457738 (N.D. Cal. May 26, 2009) .......... 9, 22

*Mabry v. Superior Court*,
185 Cal. App. 4th 208 (2010) .......... 13

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

*Mickissack v. Wells Fargo Home Mortg.*, 2010 U.S. Dist. LEXIS 69132 (S.D. Cal. July 12, 2010) .......... 23

*Moeller v. Lien*, 25 Cal. App. 4th 822 (1994) .......... 10

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287 (1988) .......... 13

*Ngoc Nguyen v. Wells Fargo Bank, N.A.*, No. C-10-4081, 2010 WL 4348127 (N.D.Cal. Oct. 27, 2010) .......... 23

*Nguyen v. Calhoun*, 105 Cal. App. 4th 428 (2003) .......... 5

*Padayachi v. IndyMac Bank*, 2010 U.S. Dist. LEXIS 120963 (N.D. Cal. Oct. 28, 2010) .......... 9

*Pantoja v. Countrywide Home Loans*, 640 F.Supp.2d 1177 (N.D. Cal. 2009) .......... 5, 10, 11

*Pasadena Live, LLC v. City of Pasadena* (2004) 114 Cal.App.4th 1089 .......... 19

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508 (2002) .......... 20

*Periguerra v. Meridas Capital, Inc.*, 2010 WL 395932 (N.D. Cal. Feb. 1, 2010) .......... 17

*Perlas v. Mortgage Electronic Registration Systems, Inc.*, No. C 09-4500 CRB (N.D. Cal., Aug. 5, 2010) .......... 9

*Permpoon v. Wells Fargo Bank Nat'l Ass'n*, 2009 U.S. Dist. LEXIS 89723 (S.D. Cal. Sept. 29, 2009) .......... 23, 24

*Peterson v. Cellco P'ship* 164 Cal. App. 4th 1583 (2008) .......... 20

*Poway Royal Mobilehome Owners Ass'n v. City of Poway* (2007) 149 Cal.App.4th 1460 .......... 19

*Ramirez v. SCME Mortg. Bankers, Inc.*, 2010 WL 2839476 (S.D. Cal. July 19, 2010) .......... 15

*Regan Roofing Co. v. Superior Court* (1994) 24 Cal.App.4th 425 .......... 17

*Reynoso v. Paul Fin'l LLC*, Case No. 09-CV-3225, 2009 U.S. Dist. LEXIS 106555 (N.D. Cal. Nov. 16, 2009) .......... 10

*Roque v. Suntrust Mortg., Inc.*, 2010 WL 546896 (N.D. Cal. Feb. 10, 2010) .......... 14

*Saldate v. Wilshire Credit Corp.*, 268 F.R.D. 87 (E.D. Cal. 2010) .......... 18, 21

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

*Sam v. American Home Mortgage Servicing*, 2010 WL 761228 (E.D. Cal. Mar. 3, 2010) ........ 20

*Selby v. Bank of America, Inc.*, No. 09-cv-2079, 2010 WL 4347629 (S.D.Cal. Oct. 27, 2010) ........ 14

*Sulak v. MERS*, 2006 WL 3514873 (Cal. Ct. App. Dec. 7, 2006) ........ 16

*Superbrace, Inc. v. Tidwell*, 124 Cal. App. 4th 388 (2004) ........ 12

*Ultreras v. ReconTrust Co.*, No. 09-CV-08810, 2010 WL 2305857 (C.D. Cal. June 07, 2010) ........ 11

*UMET Trust v. Santa Monica Med. Inv. Co.*, 140 Cal. App. 3d 864 (1983) ........ 19

*United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756 (9th Cir. 2002) ........ 5

*United Medical Management Ltd. v. Gatto*, 49 Cal. App. 4th 1732 (1996) ........ 9

*United States v. Washington*, 759 F.2d 1353 (9th Cir. 1985) ........ 25

*Vasquez v. L.A. County*, 487 F.3d 1246 (9th Cir. 2007) ........ 4

*Velasquez v. Chase Home Fin. LLC*, 2010 U.S. Dist. LEXIS 82065 (N.D. Cal. Aug. 11, 2010) ........ 9

*Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62 (1999) ........ 12

*Wall St. Network, Ltd. v. New York Times Co.* (2008) 164 Cal. App. 4th 1171 ........ 17

*Wilson v. Pac. Coast Title Ins. Co.*, 106 Cal.App.2d 599 (1951) ........ 15

*Winter v. Natural Res. Def. Council*, Inc ., 555 U.S. 7 (2008) ........ 24

**STATUTES**

Bus. & Prof. Code § 17200 ........ 2, 20, 21

Bus. & Prof. Code § 17204 ........ 21

Cal. Civ. Code § 1691(b) ........ 16, 17

Cal. Civ. Code § 2923 ........ 13

Cal. Civ. Code § 2923.5 ........ 10, 13, 24

Cal. Civ. Code § 2923.5(j) ........ 13

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Cal. Civ. Code § 2923.6 ....... 10, 13
Cal. Civ. Code § 2924 ....... 10, 11, 12
Cal. Civ. Code § 2932.5 ....... 10, 13, 14
Cal. Civ. Code § 2934a ....... 10, 14, 15
Cal. Civ. Code § 2934a(a)(1) ....... 14, 15
Cal. Civ. Code § 858 ....... 14
Cal. Civ. Proc. Code § 760.020 ....... 23
Cal. Civ.Code § 2924(a)(1) ....... 15
Cal. Corp. Code § 167 ....... 8
Cal. Corp. Code § 191(c)(7) ....... 8
Cal. Corp. Code § 2105(a) ....... 8
Cal. Rev. & Tax Code § 23304.1(b) ....... 16

**RULES**

Fed. R. Civ. P. 12(b)(6) ....... 4

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 31 2006, Plaintiff Derl Brown II ("Plaintiff") executed a Deed of Trust and Adjustable Rate Note in which Plaintiff took out a loan for $376,000 secured by property at 715 W 117th Street Los Angeles, California 90044 (the "Property"). Plaintiff also obtained a Home Equity Line of Credit Loan secured by the Property for $47,000. Less than two years after obtaining those loans, Plaintiff defaulted, and has failed to make regular loan payments ever since.

Now, over three years after defaulting, and two and a half years after a notice of default was recorded, Plaintiff has sued multiple parties claiming that the foreclosure of the Property securing his loan is invalid based on erroneous legal theories and scantily pleaded facts. Despite the fact that the Complaint is only concerned with the foreclosure of his loan, Plaintiff sues his original lender, America's Wholesale Lender ("AWL"), which is a trade name for Countrywide Home Loans, Inc.'s wholesale lending division ("CHL"), CHL itself, and the substituted trustee under his deed of trust, ReconTrust Company, N.A. ("ReconTrust"). But the entire Complaint ("Compl.") is inadequate to state a claim against defendants CHL and ReconTrust because both have been fraudulently joined in this lawsuit. As to the Defendant who authorized the institution of foreclosure proceedings when Plaintiff Defaulted—his servicer, BAC Home Loans Servicing, LP ("BACHLS")—and the named beneficiary under his Deed of Trust—Mortgage Electronic Registration Systems, Inc. ("MERS")—Plaintiff has not properly alleged the prerequisite that he will tender the balance of his loan, and relies on theories about MERS that have been roundly rejected by California courts.

Considered individually, all ten counts in the FAC fail to state a claim upon which relief may be granted. Specifically, in addition to his failure to tender his loan balance, which bars every one of his claims:

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

- Plaintiff's first and fourth claims for wrongful foreclosure fail because they do not allege violation of California's nonjudicial foreclosure statutes.
- Plaintiff's fifth and sixth claims to void various documents fail to set forth any viable theory upon which any document may be rescinded or declared void.
- Plaintiff's seventh claim for breach of contract fails because Plaintiff has not alleged a breach of any contractual provision, and because he has alleged his own unexcused *non*performance under his loan agreement.
- Plaintiff's eighth claim for breach of the implied covenant of good faith and fair dealing fails because plaintiff has not pleaded any act by Defendants that frustrated his rights under the loan agreement.
- Plaintiff's ninth claim for purported violation of Section 17200 of the California Business and Professions Coded ("UCL") fails because Plaintiff has not plausibly alleged standing or predicate wrongful conduct.
- Plaintiff's second claim for quiet title fails because Plaintiff has not paid off the amount he borrowed under his loans, and because Plaintiff has not alleged any valid reason to eviscerate the lien encumbering his property.
- Plaintiff's tenth claim for injunctive relief fails because injunctive relief is not an independent claim, and because he has not alleged an underlying right to injunctive relief.
- Plaintiff's third claim for declaratory relief likewise fails because Plaintiff has not alleged any independent basis for relief.

In short Plaintiff's claims are so lacking in legal and factual support that granting leave to amend would be futile, and the Court should grant BACHLS's Motion to Dismiss without leave to amend.

## II. FACTUAL BACKGROUND

The allegations of Plaintiff's Complaint are sparse, conclusory, confusingly presented, and often contradicted by documents. Plaintiff alleges that on March 31, 2006 he entered into two loan transactions with CHL, one for $376,000 and one for

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

$47,000. (Compl., ¶ 24.)[1] Only the Deed of Trust securing the $376,000 loan is attached to the Complaint. (*Id.* at Ex. A.) That Deed of Trust explicitly names MERS as the nominal beneficiary and grants MERS the same powers as a beneficiary. (*Id.* at Ex. A, p.4.)

Plaintiff alleges that he defaulted on his loan payments. (*Id.* at ¶ 28.) A Notice of Default, recorded on April 9, 2008 shows that he has been in default since December 1, 2007. (*Id.* at Ex. C, p. 2.)

Two days before issuance of the notice of default, on April 7, 2008, MERS substituted ReconTrust as trustee in a Substitution of Trustee that was later recorded. (Request for Judicial Notice "RJN," Ex. A.)[2]

On July 15, 2008, ReconTrust, as the substituted Trustee, recorded a Notice of Trustee's Sale. (*Id.* at Ex. C, pp. 3-4.) That Notice set the sale date for July 31, 2008. (*Id.*, Ex. C, p.3.)

Plaintiff alleges that the July 2008 sale date was voluntarily cancelled, and that he then asked for a loan modification. (*Id.* at ¶ 31.) Plaintiff demanded a modification of the loan agreement he had made just two years earlier "to a fixed rate loan because the interest did not allow Plaintiff to pay his loan and build equity." (*Id.*)[3] Plaintiff alleges that he received inconsistent information from "Countrywide and/or its agents" over a one-and-one-half year period in which sometimes sought information about loan modification. (*Id.* at ¶¶ 31-36.)

Notably, Plaintiff does not allege that he attempted to make payments on his loan, tried to cure his default, or did anything other than to seek new loan terms.

Plaintiff also alleges that he sent a "written request" to BACHLS in 2009, and that no party provided "adequate answers" to that request. (*Id.* at ¶¶ 36, 39.) Yet he

---

[1] The Complaint makes no allegations regarding foreclosure of the second loan.

[2] Although Plaintiff purports to attach that substitution to the Complaint as Exhibit B, Exhibit B is a substitution executed on May 28, 2010. (Compl., ¶30; Ex. B.)

[3] Plaintiff later alleges, without explaining this inherent contradiction, that he "has built equity in the subject property" and that Defendants are now trying to take it from him. Compl. ¶ 104.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

does not attach (or even describe) that written request or any response received, and he does not identify what was inadequate about the response.

On May 28, 2010, MERS assigned its beneficial interest under the Deed of Trust to BACHLS. (*Id*. at ¶ 37, Ex. B.) The same assignment document also again appointed ReconTrust as substituted trustee under the Deed of Trust. (*Id*.)

On June 6, 2010, ReconTrust re-noticed the sale date for the Property, setting a sale date for June 22, 2010. (*Id.* at Ex. D.) Plaintiff alleges that the sale date has been postponed until at least January 20, 2011. (*Id.* at ¶ 38.) This lawsuit was filed on that day in an attempt to further postpone foreclosure of the Property.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 545. In addition to the complaint itself, a court may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the claims rely. *ATSI Comm., Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The court should disregard allegations that are contradicted by exhibits to the complaint, or by documents referred to in the complaint and considered pursuant to judicial notice. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

A court can dismiss claims without granting leave to amend if amendment would be futile. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th Cir. 2007).[4]

[4] This case was filed in state court and removed on behalf of BAC. "Notice of Removal"

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## IV. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF HAS NOT COMPLIED WITH THE TENDER RULE

Under California law, a plaintiff challenging a foreclosure sale must allege tender under "any cause of action for irregularity in the sale procedure." *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (affirming the sustaining of demurrer without leave to amend). "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank, No.*, C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 19, 2009). To properly allege tender, the debtor "must (1) demonstrate a willingness to pay and (2) show the ability to pay." *Pantoja v. Countrywide Home Loans, Inc*., 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009). In California, "[t]he rules which govern tenders are strict and are strictly applied . . . ." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). "This requirement is based on the theory that one who is relying upon equity . . . is able to perform his ***obligations under the contract*** so that equity will not have been employed for an idle purpose." *Dimock v. Emerald Properties*, LLC, 81 Cal. App. 4th 868, 878 (2000) (emphasis added). Therefore, "it is a debtor's responsibility to make an unambiguous tender of the entire amount due [under the contract] or else suffer the consequence that the tender is of no effect." *Id.*

The tender requirement applies to any claim "implicitly integrated" with the foreclosure sale – not merely claims that challenge the sale, but also those that seek damages related to the sale. *See Arnolds Management Corp. v. Eischen*, 158 Cal.

(Dkt. No. 1) (Feb. 22, 2011). ReconTrust Company, N.A. and Countrywide Home Loans, Inc., for itself and doing business as America's Wholesale Lender, are also named as defendants, but, as explained in the Notice of Removal, their citizenship should be disregarded. *Id.* at ¶¶ 7-9. As fraudulently joined defendants, ReconTrust and Countrywide are not liable to Plaintiffs. *See Isaacs v. Broido*, 358 F. App'x 874, 877 (9th Cir. 2009) (requiring district court to dismiss fraudulently-joined defendants); *United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 761 (9th Cir. 2002) (approving of dismissal of fraudulently-joined defendant). In any event, those defendants should be dismissed for the same reasons as BAC.

App. 3d 575, 579 (1984) (affirming demurrer without leave to amend on claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale); *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971) (ruling that claims for breach of oral agreement, accounting, and constructive trust failed absent tender).

Here, all ten causes of action in the Complaint are subject to the tender requirement because every single claim is founded upon Plaintiff's erroneous theories as to why the foreclosure process has been improperly conducted. (*See* Compl., ¶¶ 44 (first claim), 50-52 (second claim), 56 (third claim), 66 (fourth claim), 77 (fifth claim), 79 (sixth claim), 84 (seventh claim), 91 (eighth claim), 96 (ninth claim), 105 (tenth claim).) Because Plaintiff has not alleged that he is willing and capable of tendering the outstanding balance of his loan, his entire Complaint fails to state a claim sufficient to challenge the foreclosure and should be dismissed.

Plaintiff's implausible, conclusory allegations about "tender" (*e.g.*, *id.* ¶¶ 50 (offering to tender "subject to an equitable adjustment"), 104 (offering tender or "bond to secure the res during the pendency of this matter)) do not change the legal analysis. First, Plaintiff is not willing to tender the full amount of "the secured debt." *Alicea*, 2009 WL at *3. Plaintiff's conditional, qualified responses show a willingness only to partially perform, and a misguided notion that he is entitled to pay less than the full amount because defendants are exercising their right to foreclose. He does not allege that he is willing to fully perform "under the contract." *Dimock*, 81 Cal. App. 4th at 878. Second, Plaintiff has not alleged capacity to tender with facts that would plausibly support such an allegation. Indeed, the relevant facts in the Complaint indicate the opposite—Plaintiff has no capacity to make payments under his loan agreement. Plaintiff went into default because he could not afford to make the loan payments, and has not made regular payments since December 1, 2007. (Compl., ¶ 28; Ex. C, p. 2.) Without stating that his financial condition has improved since then, Plaintiff cannot plausibly allege that he can cure three years worth of default, let alone tender the balance of the loan.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Thus Plaintiff has not properly alleged his capacity to tender, and the entire Complaint—which challenges the foreclosure—should be dismissed with prejudice.

## V. PLAINTIFF'S MERS RELATED ALLEGATIONS ARE ERRONEOUS

The Complaint relies largely on several meritless theories related to MERS's involvement in the foreclosure of his property. Plaintiff alleges, variously: that MERS has no authority or "standing" to foreclose, to assign the deed of trust, or to substitute the beneficiary because "MERS had no security interest" under the deed of trust and is not named in Plaintiff's Note (*i.e.*, Compl., pp. 10-11, ll. 13-25 & ll. 3 -12). He also argues that MERS is not licensed in California, and therefore that the Deed of Trust is voidable. (*Id.* at ¶¶ 74-77.) These allegations are insufficient to support any legal claim for relief.

### A. MERS Properly Served as Nominal Beneficiary

Many of the same California law arguments that Plaintiff makes here were considered, and rejected, in *Gomes v. Countrywide Home Loans, Inc.*, No. D057005, --- Cal.Rptr.3d ----, 2011 WL 566737 (Feb. 18, 2011), a very recent opinion by the California Court of Appeal. As the Court of Appeal held in *Gomes*, MERS, as nominee for a beneficiary under a deed of trust, may exercise the right to foreclose. *Id.* *4-5. *Gomes* explains that California law does not permit a borrower to challenge the non-judicial foreclosure of a loan simply because MERS is a nominal beneficiary under the borrower's deed of trust. Such a right of action "would fundamentally undermine the nonjudicial nature of the [foreclosure] process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Id.* at *4. The *Gomes* holding is also rooted in Plaintiff's explicit agreement, in the Deed of Trust, to MERS's powers as nominee beneficiary: "Gomes's agreement that MERS has the authority to foreclose . . . precludes him from pursuing a cause of action premised on the allegation that MERS does not have the authority to do so." *Id.* at *5.

For the same reason, numerous federal courts in California before *Gomes*

have explicitly held that MERS, as nominal beneficiary under a deed of trust, has the same authority as a beneficiary under a deed of trust. *See, e.g., Castaneda v. Saxon Mortgage Services, Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (holding that MERS had authority to assign a deed of trust).

In this case, Plaintiff, like the plaintiff in *Gomes*, explicitly agreed to the arrangement which he now complains about. His Deed of Trust clearly identifies MERS's role as nominal beneficiary with the same powers as the beneficiary:

"The beneficiary of this Security Interest is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." (Compl., Ex. A, p.4 ("TRANSFER OF RIGHTS IN PROPERTY").) "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, ***MERS*** (as nominee for Lender and Lender's successors and assigns) ***has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property***..." (*Id.* at Ex. A, p. 4 (emphasis added).)

As in *Gomes*, Plaintiff cannot now assert that his foreclosure is invalid simply because MERS has exercised its contractual powers under the agreement he signed. This fundamentally flawed argument underlies all of Plaintiff's claims, each of which should be dismissed.

**B. MERS is Licensed and Qualified to do Business in California**

MERS, a Delaware corporation, has never operated illegally in California. Cal. Corp. Code § 167. Although foreign corporations are ordinarily required to obtain a certificate of qualification from the Secretary of State before they "transact intrastate business," Cal. Corp. Code § 2105(a), MERS's creation of "evidences of debt or mortgages, liens or security interests on real or personal property" does not constitute intrastate business. Cal. Corp. Code § 191(c)(7). Numerous courts have ratified MERS's conduct in this State as an unregistered foreign corporation. *See*

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

*Castaneda*, 687 F. Supp. 2d at 1198, n. 3 (2009); *Lomboy v. SCME Mortgage Bankers*, No. C-09-1160-SC, 2009 WL 1457738, at *3 (N.D. Cal. May 26, 2009).

Moreover, the issue is now moot. On July 21, 2010, MERS registered with California's Secretary of State, and therefore it is "entitled to have its prior transactions given full effect." *See Perlas v. Mortgage Electronic Registration Systems, Inc.*, No. C 09-4500 CRB, *11 (N.D. Cal., Aug. 5, 2010) (citing *United Medical Management Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1741 (1996) (California law provides for retroactive validation of contracts)). Plaintiff's allegations to the contrary, Compl. ¶¶ 74-77, have no basis in law or fact.

In summary, because Plaintiff explicitly agreed to MERS's authority, MERS has not been conducting business in California illegally, and because no provisions of Federal or California law provide to the contrary, Plaintiff's contentions regarding MERS do not provide a legal ground to support a single one of Plaintiff's claims in his Complaint against BACHLS, or any other defendant.

## VI. EACH OF PLAINTIFF'S INDIVIDUAL CLAIMS FAIL

### A. Plaintiff Fails to State a Claim for Wrongful Foreclosure

Plaintiff's first claim for "wrongful institution of foreclosure proceedings" (Compl., p. 12, ll. 4) and fourth claim for violation of various statutes related to non-judicial foreclosure (*Id.*, p. 17, ll. 3)[5] both assert that the foreclosure is wrongful. Both claims fail because Plaintiff has not alleged that BACHLS violated any of the provisions of California's non-judicial foreclosure statutes or any other provision of

---

[5] The conclusory way in which Plaintiffs' statutory claims are pleaded provides an independent ground for dismissal of Count 4. *See Padayachi v. IndyMac Bank*, 2010 U.S. Dist. LEXIS 120963, at *2 (N.D. Cal. Oct. 28, 2010) (dismissing wrongful foreclosure complaint for failure "to allege clearly what role each Defendant played in the loan transaction at issue and how each Defendant's actions violated particular provisions of the applicable statutes"); *Velasquez v. Chase Home Fin. LLC*, 2010 U.S. Dist. LEXIS 82065, at *25 (N.D. Cal. Aug. 11, 2010) (dismissing claim for insufficient particularity when "[p]laintiff d[id] not state how defendants violated RESPA, or claim violations under specific sections of the statute"); *Cross v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 17946, at *20 (C.D. Cal. Feb. 23, 2009) (claim was not adequately pled under cited statutes where plaintiff failed to explain how statutes were violated).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

California law, and has not alleged harm flowing from any purported irregularity in the foreclosure sale.

California Civil Code sections 2924 *et seq*. set forth the requirements for conducting a non-judicial foreclosure in California. These code sections are comprehensive, and courts refuse to impose requirements not found therein on foreclosure proceedings. *Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-33 (1991); *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994); *Gomes*, 2011 WL 566737, at *3-4. Thus, Plaintiff's reliance on other statutes is misplaced.

And, to succeed on a wrongful foreclosure claim, plaintiff must allege he was harmed by any purported irregularity in the foreclosure sale, or that foreclosure would have been averted but for any alleged deficiencies. *Reynoso v. Paul Fin'l LLC*, Case No. 09-CV-3225, 2009 U.S. Dist. LEXIS 106555, at *13 (N.D. Cal. Nov. 16, 2009). Courts reject attempts to undo foreclosure sales based on allegations of procedural irregularities where plaintiffs do not allege harm from such irregularities. *Id.*; *Pantoja*, 640 F. Supp. 2d at 1186; *Lehner v. United States*, 685 F.2d 1187, 1190-91 (9th Cir. 1982). Here, Plaintiff does not show that any foreclosure-related harm resulted from anything other than his own default on his loan obligations.

Considering the composite parts of Plaintiff's wrongful foreclosure claim, other reasons arise for dismissal. The Complaint alleges: (1) MERS's role in the substitution and assignment of the deed of trust is improper because it is only a nominal beneficiary (Compl., ¶¶ 63-66); (2) none of the foreclosing defendants—whoever that refers to—have the note (*Id.* at ¶¶ 41-42); (3) the loan was sold without notice to plaintiff (*Id.* at ¶ 43); and (4) defendants violated Cal. Civ. Code §§ 2923.5 (Compl. ¶67), 2923.6 (Compl. ¶ 45), 2932.5 (Compl. ¶¶ 61-68), and 2934a. (Compl. ¶ 68.) These allegations are insufficient to support a wrongful foreclosure cause of action, because none of them allege a violation of California's non-judicial foreclosure statute, because none of them allege that Defendants' acts

were what caused Plaintiffs' harm, and because Plaintiff has not alleged tender of his outstanding loan balance.

**1. MERS has Authority to Assign the Deed of Trust, to Substitute the Trustee, and to Foreclose**

As discussed in Part VI, A, *supra*, MERS, as nominal beneficiary under a deed of trust, has the authority to exercise the powers of a beneficiary under a deed of trust. *See Gomes*, 2011 WL 566737, at *4-5; *Castaneda*, 687 F. Supp. 2d at 1198; *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (collecting numerous California cases); Compl., Ex. A, p. 3-4.

Plaintiff attempts to support his wrongful foreclosure claims on the grounds that MERS assigned the deed of trust and substituted ReconTrust as trustee. (Compl., ¶¶61-67.) Because MERS has the authority to do this under California law and Plaintiff's Deed of Trust (*Id.* at Ex. A, p. 4), this ground cannot support Plaintiff's wrongful foreclosure claims against Defendants.

**2. The original promissory note is not required for a valid foreclosure**

Courts in California have repeatedly held that the original note need not be produced in order to render nonjudicial foreclosure proceedings valid. *See, e.g., Cal. Trust Co. v. Smead Inv. Co.*, 6 Cal. App. 2d 432, 434-35 (1935); *Pantoja v. Countrywide Home Loans*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) (citing Cal. Civ. Code § 2924); *Ultreras v. ReconTrust Co.*, No. 09-CV-08810, 2010 WL 2305857, at *4 (C.D. Cal. June 07, 2010) (Pregerson, J.) ("[U]nder California law, production of the original note is not required to initiate a non-judicial foreclosure.").

Plaintiff alleges that the foreclosure is wrongful because, "none of the Defendants . . . had the original note assigned to them." (Compl., ¶41.) But because California law does not require that the entity conducting the foreclosure produce the note to foreclose, this ground cannot support Plaintiff's wrongful foreclosure claims.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**3. Plaintiff has no statutory or contractual right to receive notice of a sale of his loan**

Promissory notes are negotiable instruments under Article 3 of the Uniform Commercial Code, and are frequently bought and sold. *In re MERSCORP, Inc. RESPA Litig.*, MDL Docket No. 1810, 2008 U.S. Dist. LEXIS 40473, at *13 (S.D. Tex. May 16, 2008) (describing the residential mortgage market); *see also Carl I. Brown & Co. v. Anderson*, 195 B.R. 87, 91 (B.A.P. 9th Cir. 1996) (noting that promissory notes are frequently sold on the secondary market). Selling a note is perfectly legal. And Plaintiffs expressly agreed to it in the Deed of Trust, which states: "The Note or a partial interest in the Note (together with this Security Instrument) ***can be sold one or more times without prior notice to Borrower***." (Compl., Ex. A, p.14, § 20 (emphasis added).) Plaintiff's allegation that the loan is void because it was "sold or transferred without notifying him in writing," *id.* at ¶43, is contradicted by the Deed of Trust and California law favoring free transferability of contract rights unless the terms and purpose of a contract show "that it was intended to be nonassignable." *Farmland Irrigation Co. v. Dopplmaier*, 48 Cal. 2d 208, 222 (1957); *Superbrace, Inc. v. Tidwell*, 124 Cal. App. 4th 388, 402 (2004).

**4. Plaintiff's Statutory Claims are Meritless**

In addition to being unavailable to a Plaintiff in a wrongful foreclosure suit because the non-judicial foreclosure process is comprehensively governed by Cal. Civ. Code § 2924 et seq., Plaintiff's statutory claims fail for other reasons.

**a. No Private Right of Action Under Sections 2923.6, and 2932.5**

"Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62 (1999). The California Legislature must manifest its intent to create a private right of action "directly, in

clear, understandable, unmistakable terms" *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 294-95 (1988).

Courts have specifically held that Sections 2923.6, and 2932.5 of the Civil Code do not confer a private right of action. *E.g.*, *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 211 (2010) (ruling that no private right of action exists under § 2923.6); *Alford v. Wachovia Bank/World Sav. Bank*, 2010 WL 415260, at *12 (E.D. Cal. Jan. 26, 2010) (Section 2932.5 provides "no private cause of action").

**b. None of the Statutes Apply to Plaintiff's Foreclosure**

Section 2923.5 defines the notice given to borrowers in default.[6] But the claim fails because the statute was not in effect at the time. The Notice of Default in this case was recorded on April 9, 2008—prior to September 8, 2008, the effective date of Section 2923.5. *Fortaleza v. PNC Fin'l Servs. Group, Inc.*, No. C 09-2004 PJH, 642 F. Supp. 2d 1012, 1020 (N.D. Cal. 2009) (dismissing Section 2923.5 claim where Notice of Default was recorded before provision's effective date); Cal. Civ. Code § 2923.5(j) (stating effective date of September 8, 2008). Thus, no party was required to contact Plaintiff before recording the Notice of Default. Plaintiff cannot support his wrongful foreclosure claims on this ground.

Section 2923.6 provides that a mortgage servicer does not violate its duty to purchasers of pooled mortgage securities by implementing a loan modification plan under certain circumstances not applicable here. Plaintiff alleges that his foreclosure is wrongful because "[defendants] failed to comply with Civil Code Section 2923.6." (Compl., ¶46.) But Section 2923.6 "conspicuously does not require lenders to take any action"; instead, it "merely expresses the *hope* that lenders will offer loan modifications on certain terms." *Mabry*, 185 Cal. App. 4th at 211, n.9. This statute does not support Plaintiff's wrongful foreclosure claims.

---

[6] The caption of Plaintiff's fourth claim asserts a violation of Section 2923 of the Civil Code, but his allegations shows that he intended to sue under Section 2923.5: he alleges that BACHLS was required to attempt to contact him before recording the notice of default—which is a recitation of the requirements of the Civil Code Section 2923.5. (Compl., ¶67.)



Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Section 2932.5 of the Civil Code provides that where a power to sell real property is given to a mortgagee, that power of sale may be exercised by an assignee of the mortgagee if the assignment is recorded. Cal. Civ. Code §2932.5. This section does not apply to deeds of trust. *Roque v. Suntrust Mortg., Inc.*, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010); *Selby v. Bank of America, Inc.*, No. 09-cv-2079, 2010 WL 4347629, *3 (S.D. Cal. Oct. 27, 2010).[7] Here, Plaintiff admits that he entered into a loan evidenced by a deed of trust. (Compl., Ex. A.) Therefore, Plaintiff cannot complain that the loan was not properly assigned as required by Section 2932.5.

Civil Code Section 2934a governs the procedure by which a trustee under a deed of trust may be substituted. It simply requires the recordation of a substitution document that has been executed and acknowledged by all the beneficiaries under the trust deed. Cal. Civ. Code § 2934a(a)(1).

Here, although Plaintiff alleges in conclusory terms that ReconTrust was not "duly appointed" (Compl., ¶ 68), the substitution of ReconTrust for the prior trustee was properly made before ReconTrust acted as Trustee by recording the Notice of Trustee's Sale on July 15, 2008. (*Id.* at Ex. C, p.3.) The substitution was recorded concurrently with the Notice of Sale. (RJN, Ex. A.) And contrary to Plaintiff's implied assertion that the substitution was inadequate on the basis that the substitution was recorded after the Notice of Default (*Id.* at ¶¶ 29-30), a substitution of trustee is a valid on the date that it is executed. *See Wilson v. Pac. Coast Title Ins. Co.*, 106 Cal. App. 2d 599, 602 (1951). Thus because the substitution was executed

---

[7] The Court in *Selby* succinctly explains why the section is inapplicable to deeds of trust: "Section 2932.5 applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee [because (citing California case law)] 'The transferee of a negotiable promissory note, payment of which is secured by a deed of trust whereby the title to the property and the power of sale in case of default is vested in a third party as trustee, is not an incumbrancer to whom power of sale is given, within the meaning of section 858 of the Civil Code [which was the] predecessor to § 2932.5.'" *Id* (internal citations omitted).

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

on April 7, 2008—2 days before the Notice of Default was recorded—ReconTrust had already been properly substituted as trustee. (*Compare* RJN, Ex. A. *to* Compl. Ex. C, pp. 1-2.) Further, MERS is the only beneficiary named under the Deed of Trust (*Id.*, Ex. A, p. 2.), and MERS executed and acknowledged the substitution according to the requirements of Civil Code 2934a(a)(1). Thus, the substitution was proper under Civil Code Section 2934a.

Moreover, even if MERS had not substituted ReconTrust in as Trustee prior to recording the notice of default, the notice of default would still be proper, as ReconTrust executed it as "agent of the beneficiary." (Compl., Ex. C, p.1.) An agent of the beneficiary (as well as the trustee) may record a notice of default. Cal. Civ. Code §2924(a)(1). *See, e.g., Ramirez v. SCME Mortg. Bankers, Inc.*, 2010 WL 2839476, at *2 (S.D. Cal. July 19, 2010).

Lastly, MERS, not defendant BACHLS or ReconTrust, substituted the trustee under the deed of trust, so there is no indication that any moving Defendant did anything to violate Civil Code Section 2934a.

**5. <u>Plaintiff fails to allege tender</u>**

As discussed in Part V, *supra*, a claim for wrongful foreclosure in California must be accompanied by an allegation of tender. *See Abdallah v. United Savs. Bank*, 43 Cal. App. 4th at 1109. Here there is no meaningful allegation regarding tender of the outstanding loan balance, therefore Plaintiff cannot proceed with either of his wrongful foreclosure claims.

To summarize the deficiencies in Plaintiff's wrongful foreclosure claims: (1) Plaintiff has not alleged a violation of any of California's non-judicial foreclosure provisions; (2) he does not allege that Defendant's conduct was the cause of any harm that has befallen him; (3) he asserts meritless theories about MERS and a non-existent requirement to produce the promissory note; (4) his statutory claims are not privately actionable, are not applicable to Plaintiff, or both; and (5) he fails to allege

compliance with the tender rule. Thus, the Court should dismiss the first and fourth claims in the Complaint.

**B. <u>Plaintiff Fails to State a Claim to Void Any Documents</u>**

Plaintiff's fifth and sixth claims seek to stop the foreclosure based on Plaintiff's contention that one of the recorded documents—either the Deed of Trust, Substitution of Trustee, or Assignment of the Deed of Trust is voidable. Plaintiff seems to assert that he can unilaterally void these documents because MERS was unregistered in California (Compl., ¶ 77), and because MERS has no authority under the Deed of Trust to act. (*Id*. at ¶ 79.) Neither theory can support Plaintiff's request for relief because the claims are erroneous, and have no effect on the foreclosure.

The California Revenue and Tax Code Section 23304.1(b) allows a party to a contract made by a foreign corporation to void that contract if the foreign corporation fails to file a tax return for the year in which it made that contract. *Id.* Here, plaintiffs' facts are insufficient to state a claim. As in *Sulak v. MERS*. "Plaintiffs' argument consist[ed] of suggestion, conjecture, argument, and inference rather than fact." 2006 WL 3514873, at *10 (Cal. Ct. App. Dec. 7, 2006) . Plaintiff's allegations are articulated in conclusory, boilerplate language without any suggestion of factual support. Compl. ¶¶ 71-76. As discussed in Part VI, B, *supra*, Plaintiff's allegations regarding MERS's capacity to contract have been repeatedly rejected by courts considering them; also, MERS is now registered in California and is entitled to have all its contracts given full effect.

Moreover, even "[i]f the court finds that the contract is voidable under Section 23304.1 . . . in no event shall the court order rescission . . . unless the [foreign corporation] receives ***full restitution of*** the ***benefits provided by the [foreign corporation] under the contract***." *Id.* §23304.5 (emphasis added). In other words, for Plaintiff to void a contract under the tax and revenue code, the rule of rescission applies, and rescission requires tender. *See* Cal. Civ. Code § 1691(b). *E.g.*, *Periguerra v. Meridas Capital, Inc.*, 2010 WL 395932, at *3 (N.D. Cal. Feb. 1,



BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

2010) (ruling, citing Cal. Civ. Code § 1691(b), that plaintiffs' failure to tender the amount due on their loan prevented them from seeking the remedy of rescission). This comports with the general requirement of tender for foreclosure-related claims under *Abdullah*, which also applies because the ultimate purpose of Counts Five and Six is to void the documents necessary for foreclosure of his loan (*Id.* at ¶¶77, 79).

Finally, Plaintiff's claim that MERS has no authority under his Deed of Trust, *Id.* ¶ 79, fails too as discussed above in Part VI, A, *supra*. MERS has authority under Plaintiff's Deed of Trust to foreclose, assign the deed of trust, and substitute the trustee. (*Id.* at Ex. A, p. 4.)

Because Plaintiff has not supported either his fifth or sixth claim for relief with viable legal theories or adequate facts, and has failed to allege that he will tender his loan proceeds, the Court should dismiss the fifth and sixth claims.

### C. Plaintiff's Breach of Contract Claim Fails

The standard elements of a claim for breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008) (quoting *Regan Roofing Co. v. Superior Court*, 24 Cal. App. 4th 425, 434-435 (1994)).

Plaintiff shoehorns his meritless MERS theory into a breach of contract claim, alleging that "Defendants breached the note and deed of trust." Compl. ¶ 83. But Plaintiff's allegations do not support a breach of contract claim because Plaintiff has not alleged facts demonstrating that defendants breached any contractual provision. Plaintiff does not mention any particular contractual provision, or how any provision was breached, anywhere in the cause of action. (Compl., ¶¶82-84.) In fact, Plaintiff's allegations and attached exhibits show that the parties to the Note and Deed of Trust acted in full accord with the provisions of those agreements.

Plaintiff also alleges that defendants breached his Note and the Deed of Trust because MERS was not named in the Note and Deed of Trust, and because MERS is

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

an "imposter beneficiary" with no authority under the loan contract. (Compl., ¶¶81-85.) This allegation has no more merit here than anywhere else in the Complaint. As mentioned throughout the Motion, and in greater detail in Part VI, A, *supra*, MERS has the legal and contractual authority to exercise the same powers as a beneficiary under a deed of trust. Further, Plaintiff's assertion that his Deed of Trust and Note do not name MERS are inaccurate. MERS is clearly listed in the Deed of Trust as the nominal beneficiary with the power to exercise the same authority as a beneficiary. (*Id*. Ex. A, p. 4.) The Note, which is not attached to the Complaint, incorporates the terms of Plaintiff's Deed of Trust in Section 11: "In addition to the protections given to the note holder under this Note, a . . . Deed of Trust . . . dated the same date as this Note protects the Note Holder from possible losses. (RJN, Ex. B, § 11 of the Note.) Thus Plaintiff's Note incorporates MERS's status as nominee beneficiary under the Deed of Trust, and Plaintiff has, in effect, merely alleged that MERS exercised its contractual authority under the Note and Deed of Trust contracts, rather than alleging that any defendant breached any term of a contract.

Plaintiff's breach of contract claim also fails for two additional reasons. First, Plaintiff has not properly pleaded his own performance under the contract: Plaintiff actually pleads his own breach—his failure to pay—without pleading a legally sufficient excuse. (*See* Compl., ¶ 28; Compl., Ex. C, p. 2.) *See, e.g.*, *Saldate v. Wilshire Credit Corp.*, 268 F.R.D. 87, 104 (E.D. Cal. 2010) (dismissing breach of contract claim when plaintiff was in default on his contractual loan obligations). Second, as elsewhere, Plaintiff's failure to allege tender of the loan balance is fatal to this breach of contract claim, which is implicitly integrated with the conduct of the foreclosure. *Abdallah*, 43 Cal. App. 4th at 1109.

Because Plaintiff has not adequately pleaded a breach of any contract, his performance under the contract, or his tender of the loan proceeds, the Court should dismiss the seventh claim.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**D. Plaintiff's Breach of the Implied Covenant Claim Fails**

Every contract contains an implied covenant of good faith and fair dealing that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000). However, the implied covenant "does not extend beyond the terms of the contract at issue." *Poway Royal Mobilehome Owners Ass'n v. City of Poway*, 149 Cal. App. 4th 1460, 1477 (2007). Instead, the "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004).

Plaintiff fails to state a claim for breach of the implied covenant because Plaintiff does not allege conduct by any defendant that kept Plaintiff from exercising his rights under the Note or Deed of Trust to re-instate his loan by paying the full outstanding balance of his missed payments plus late charges. (Compl., ¶¶ 86-91.) On the contrary, Plaintiff alleges that defendants breached the covenant by refusing to honor rights that are not contained in his loan. Plaintiff states that defendants breached the covenant when "they refused to discuss alternatives to foreclosure with Plaintiff" (*id.* at ¶88); and when "MERS allowed their agent to execute the Assignment . . . knowing it had no authority to do so." (*Id.* at ¶91.)

Neither of the above alleged grounds can support an implied covenant claim because Plaintiff does not have and does not plead a contractual right to be informed of his alternatives to foreclosure under his Loan Agreement.[8] (Compl., Ex. A; RJN Ex. B.) As for the allegation relating to MERS's assignment of the Deed of Trust, Plaintiff has no right under the loan agreement to prevent parties to the contract

---

[8] Nor can Plaintiff cite any other basis for Defendants owing them a duty to consider a loan modification. Under California law, neither mortgage lenders (*UMET Trust v. Santa Monica Med. Inv. Co.*, 140 Cal. App. 3d 864, 872-73, (1983)) nor trustees under a deed of trust (*Heritage Oaks Partners v. First Am. Title Ins. Co.*, 155 Cal. App. 4th 339, 345 (2007)) nor MERS (*Hardy v. Indymac Fed. Bank*, 263 F.R.D. 586, 593-94 (E.D. Cal. 2009)) owe any common law duty to a borrower in a typical arm's-length lending transaction.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

from exercising the rights he contractually agreed for them to have—especially in light of Plaintiff's admitted default under the Loan Agreement (Compl., ¶28; Ex. C), and in light of the fact that MERS had the authority under the Deed of Trust to assign the loan, substitute the trustee, or foreclose. (Compl., Ex. A, p.4.). As stated in *Sam v. American Home Mortgage Servicing*, "[f]oreclosing upon a loan where such foreclosure is permissible by law and the terms of the loan agreement does not deprive plaintiff of any benefits reasonably expected by the parties to the loan." 2010 WL 761228, at *6 (E.D. Cal. Mar. 3, 2010) (dismissing claim for violation of the implied covenant of good faith and fair dealing).

In addition, as mentioned throughout the Motion, Plaintiff's eighth cause of action fails because of Plaintiff's failure to allege tender. The conduct complained of in the eighth cause of action relates exclusively to the foreclosure of the loan (*Id.* ¶ 88-91). Plaintiff must plead his tender of the loan balance in order to state a claim for breach of the implied covenant.

**E. <u>Plaintiff's UCL Claim Fails</u>**

Plaintiffs' Ninth Cause of Action for violation of California's Unfair Competition Law ("UCL") is similarly meritless and should be dismissed. The UCL prohibits unlawful, fraudulent, or unfair business practices. Cal. Bus. & Prof. Code § 17200. The prohibition encompasses three separate grounds for a cause of action under the UCL: unlawful, unfair, or fraudulent practices. *People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 514-17 (2002). To have standing under any of the three prongs, Plaintiff must show that he suffered an "injury in fact and a loss of money or property caused by unfair competition." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008); *See also* Cal. Bus. & Prof. Code § 17204. An injury in fact is "[a]n actual or imminent invasion of a legally protected interest, in contrast to an invasion that is conjectural or hypothetical." *Hall v. Time*, 158 Cal. App. 4th 847, 853 (2008).

Here, Plaintiff's UCL claim fails because he has not alleged any money or

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

property loss caused by Defendants' conduct. *See Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 2011 WL 240278, at *6 (Jan. 27, 2011) (plaintiff must "demonstrate some form of economic injury"). Instead Plaintiff alleges in conclusory fashion: "Plaintiff . . . [has] suffered and will continue to suffer damages in the form of unfair and unwarranted late fees and other improper charges." (Compl., ¶ 99) This boilerplate allegation does not relate to any plausible claim of lost money or property. And, though Plaintiff alleges injury from late fees imposed because of an "improper or premature foreclosure", (Compl., ¶ 96a), he does not allege that he paid any such charges. Even if he had, the facts in the Complaint indicate that those late charges would have been incurred by a proper foreclosure following Plaintiff's admitted default. (*Id.* at ¶ 28; Ex. C.) Without alleging any plausible factual allegations as to why the foreclosure was improper, any purported injury is not sufficient to allege a causal connection necessary for standing under the UCL. *See Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1066 (E.D. Cal. 2010) (plaintiff lacked UCL standing where he possessed property after default and property had not been foreclosed on).

Even if Plaintiff had standing, his claim would be insufficient. To state a UCL claim, Plaintiff must plead factual allegations establishing some sort of "unlawful, unfair or fraudulent business act or practice," upon which he relied, proximately causing him injury. Cal. Bus. & Prof. Code § 17200. "This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and 'a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation.'" *Lomboy v. SCME Mortgage Brokers*, 2009 U.S. Dist. LEXIS 44158, at *16-17 (N.D. Cal. May 26, 2009) (quoting *Khoury v. Maly's of California*, Inc., 14 Cal. App. 4th 612, 619, 17 Cal. Rptr. 2d 708 (Ct. App. 1993)) (brackets omitted). Thus, a complaint that "fails to differentiate between the different Defendants and also fails to explain how Defendants' actions were unlawful, unfair, and/or fraudulent" should be dismissed. *Caravantes v. Cal.*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

*Reconveyance Co*., 2010 U.S. Dist. LEXIS 109842, at *19-20 (S.D. Cal. Oct. 14, 2010).

Here, Plaintiff does not plausibly allege any unlawful, unfair, or fraudulent business practice. In the most conclusory language, he claims that defendants "instituted improper or premature foreclosure proceedings," "[r]efus[ed] to modify plaintiff's mortgage," "[e]xecut[ed] and record[ed] false and misleading affidavits," and "[a]ct[ed] as beneficiaries and trustees without the legal authority to do so." Compl. ¶ 96. These allegations are not only impermissibly vague, but are also premised on the Plaintiff's other allegations that, as described above, have no foundation in law, and are thus not "derivative of [any] illegal conduct or fraud." *Lomboy*, 2009 U.S. Dist. LEXIS 44158, at *16-17. Furthermore, the Complaint does not differentiate among the various Defendants, lumping them together as "the Foreclosing Defendants" without describing who these Defendants are, much less identifying which activity was undertaken by which defendant.

Moreover, as repeatedly stated throughout this Motion, Plaintiff must, as a prerequisite for any claim challenging his foreclosure, allege tender of the balance of his loan. The UCL claim explicitly challenges the conduct of the foreclosure (*Compl*., ¶ 96) so Plaintiff's failure to properly tender is fatal to this claim.

Because Plaintiff has failed to allege his standing to sue under the UCL, fails to properly allege predicate conduct, and failed to adequately allege tender of his loan balance, the Court should dismiss Plaintiff's Ninth claim.

**F. Plaintiff's Quiet Title Claim (Count Two) Fails**

In order to state of a cause of action for quiet title, a plaintiff must include (1) a description of the subject property; (2) the title of the plaintiff as to which determination is sought and the basis of the title; (3) the claims adverse to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for determination of the title of the plaintiff against adverse claims. *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, 2009 U.S. Dist.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

LEXIS 89723, at *15 (S.D. Cal. Sept. 29, 2009) (citing Cal. Code. Civ. P. § 760.020). Plaintiffs' quiet title claim fails for at least two reasons.

First, in his effort to obtain title to the Property without satisfying his loan obligations, Plaintiff has not plausibly alleged that he will pay the amount owed on his debt. "California court[s] have clearly held that a plaintiff cannot quiet title in his property 'without discharging his mortgage debt. The cloud upon his title persists until the debt is paid.'" *Mickissack v. Wells Fargo Home Mortg.*, 2010 U.S. Dist. LEXIS 69132, at *22 (S.D. Cal. July 12, 2010) (quoting *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 114 Cal. Rptr. 91, 92 (Cal. Ct. App. 1974)).

Second, Plaintiff's description of the purported adverse "claims" is directly contradicted by the publicly recorded documents Plaintiff attaches to his complaint. Plaintiff asserts that Countrywide, BAC, and ReconTrust together "hold themselves out as entitled to fee simple ownership of the Subject Property by and through their acquisition of the beneficiary interest from MERS." Compl. ¶ 50. Yet the Deed of Trust, Assignment, and Trustee Substitution (Compl., Ex. A-B) all show these Defendants to be *assignees of a security interest*. Defendants do not assert ownership of fee simple title; they are only exercising their right to foreclose on the property pursuant to the terms of the Deed of Trust because Plaintiff has not cured his default. And the only legal bases that Plaintiff asserts to quiet title are that "MERS has no rights to transfer the beneficiary interest under the note," and that the Defendants somehow failed to comply with Cal. Civ. Code § 2923.5. Compl. ¶ 52. As explained above, neither of these theories have any factual support or legal merit, and neither support a quiet title claim. Plaintiff's request to have title "vested in Plaintiff alone" should thus be dismissed.

**G. <u>Plaintiff's Injunctive Relief Claim Fails</u>**

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Clark v. Countrywide Home Loans, Inc.*, No. 1:09-CV-01998, 2010 WL 3154119, *10 (E.D. Cal. Aug. 09,

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

2010). Plaintiff's tenth claim seeks an injunction only on the basis that Defendants' acts "constitute [sic] a gross violation of established legal principles designed to lawfully and peaceably resolve any legitimate dispute as to title." (Compl., ¶102.) Because there is no independent claim alleged in the tenth claim, the claim fails.

However, even if the Court were to consider it as an independent claim, the request should be dismissed because Plaintiff has not pleaded all the elements required for a grant of preliminary injunctive relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Gilman v. Schwarzenegger* ___ F.3d ___, 2011 WL 198435, at *3 (9th Cir. Jan. 24, 2011) (citing *Winter v. Natural Res. Def. Council,* Inc ., 555 U.S. 7, 24-25 (2008).

Here, Plaintiff has not adequately pleaded the elements required for a grant of injunctive relief. First, Plaintiff has not pleaded a likelihood of success on the merits because, as explained throughout this Motion to Dismiss, he has failed to allege a single viable cause of action. Further, he has also failed to allege that he has no adequate remedy at law; while property is unique, Plaintiff is not entitled to retain property for which he is not paying. (Compl., ¶ 28.) Plaintiff also cannot invoke equitable concerns when an injunction against foreclosure would let him continue to live rent-free without paying his mortgage, as he has done since December 2007. Thus, Plaintiff has not alleged a valid claim for injunctive relief and Count Ten should be dismissed.

**H. <u>Plaintiff's Declaratory Relief Claim Fails</u>**

"Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir. 1985).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Furthermore, under California law, "an action in declaratory relief will not lie to determine an issue which can be determined in [an] underlying tort action." *Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal. App. 3d 1617, 1623 (1991). A plaintiff may not allege declaratory relief as a claim independent of the substantive claims he alleges. *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 470 (1968) ("The object of [declaratory relief] is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for determination of identical issues."). Here, Plaintiff's "claim" for declaratory relief is based upon the same set of facts he alleges in his substantive claims; Plaintiff requests a judicial declaration regarding all the meritless MERS and wrongful foreclosure theories strung together in paragraph 39 of his complaint. (Compl., ¶56.) But those allegations were part of his "general allegations" section incorporated into the nine other claims asserted in the Complaint. Plaintiff adds nothing new on this claim, and provides no basis to grant his request for declaratory relief. Thus, the claim for declaratory judgment should be dismissed.

## VII. CONCLUSION

For the foregoing reasons, BACHLS and ReconTrust respectfully request this court to Grant the Motion to Dismiss without leave to amend.

Dated: March 1, 2011

**BRYAN CAVE LLP**

By: /s/David Harford
David Harford
Attorneys for Defendants
RECONTRUST COMPANY, N.A.; COUNTRYWIDE HOME LOANS, INC. for itself and dba AMERICA'S WHOLESALE LENDER; and BAC HOME LOANS SERVICING, LP

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

**CERTIFICATE OF SERVICE**
**(U.S. Code § 1746)**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Bryan Cave LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401. My email address is ddkinder@bryancave.com.

On March 1, 2011, I served the foregoing document, described as **BAC HOME LOANS SERVICING, LP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREO,** on each interested party in this action, as follows:

☒ (VIA ELECTRONIC SERVICE): The document was served via The United States District Court –Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case. Each transmission was reported as complete and without error.

☒ (VIA U.S. MAIL): I placed a true copy (or original) of the foregoing document in a sealed envelope addressed to each interested party set forth below. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business. The parties served are as follows:

| | |
|---|---|
| Azuka L. Uzoh<br>Law Offices of Azuka L. Uzoh<br>1930 Wilshire Blvd., Suite 1216<br>Los Angeles, CA 90012<br>(213) 483-4020 | Attorney for Plaintiff Derl Brown, II |

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 1, 2011, at Santa Monica, California.

/s/ Diane Kinder
Diane Kinder